UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV245

| | |
|---|---|
| MEINEKE CAR CARE CENTERS, INC., | ) |
| Plaintiff, | ) ORDER |
| v. | ) |
| PURR-FECT MUFFLERS, LTD. and SALVATORE DEMETRIO, | ) |
| Defendants. | ) |

The parties having advised the Court that they have settled the above-captioned case, and that they have agreed that the Court shall enter an Order pursuant to a Settlement Agreement attached hereto as Exhibit A by and between the parties to this action, **IT IS HEREBY ORDERED THAT**:

1. On or before September 13, 2005, Defendants Purr-fect Mufflers, Ltd. and Salvatore Demetrio shall have done everytliing necessary to release control of the Meineke Car Care Centers, Inc. telephone number 718-351-6787 associated with former Meineke Shop No. 58 located at 1635 Hylan Boulevard, Staten Island, New York 10305 to Meineke, including signing all documents required by the applicable telephone company and paying any outstanding balances and/or fees required to transfer service. Defendants shall not attempt to regain control of the telephone number 718-351-6787 at any time in the future.

**IT IS FURTHER ORDERED** that Defendants shall cease and refrain from, for a period of one (1) year from the date of compliance, which the parties have agreed to designate as June 23, 2005, directly or indirectly owning a legal or beneficial interest in, managing, operating or consulting with: (a) any business operating at the premises of former Shop No. 58 located at 1635 Hylan

Boulevard, Staten Island, New York 10305 or within a radius of six miles of the premises of former Shop No. 58 which business repairs or replaces exhaust system components, brake system components, or shocks and struts; and (b) any business operating within a radius of six miles of any Meineke Shop existing as of the date Defendants' Franchise Agreement terminated (i.e., February 22, 2005) which business repairs or replaces exhaust system components, brake system components, or shocks and struts.

**IT IS FURTHER ORDERED** that on or before September 13, 2005, Defendants shall pay to Meineke via certified funds the outstanding franchise fees and advertising contributions due under the Meineke Franchise and Trademark Agreement in the amount of $5,807.69.

**IT IS FURTHER ORDERED** that Defendants shall immediately cease using and shall take any steps necessary to ensure that the Meineke name and/or logo is not used on any receipts or other documents associated with the business now operating at the location of former Meineke Shop No. 58.

**IT IS FURTHER ORDERED** that Defendants shall immediately return to Meineke any Meineke materials still in Defendants' control other than the Meineke Franchise and Trademark Agreement(s).

**IT IS FURTHER ORDERED** that all other claims in this action are dismissed with prejudice. The Court retains jurisdiction over the parties to enforce the provisions of this Order.

Signed: September 27, 2006

*[Signature]*

Robert J. Conrad, Jr.
Chief United States District Judge

# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

WHEREAS, Meineke Car Care Centers, Inc., formerly Meineke Discount Muffler Shops, Inc. (hereinafter referred to as "Meineke") filed an action in the United States District Court for the Western District of North Carolina on May 26, 2005 against Purr-feet Mufflers, Ltd. and Salvatore Demetrio (hereinafter referred to as "Defendants") which was assigned Civil Action No.3:05CV245; and

WHEREAS, subsequent to the filing of said action the parties have negotiated in good faith and have reached a settlement of the issues involved in this case and desire to evidence same in writing;

NOW, THEREFORE, in consideration of the promises and mutual covenants contained herein, Meineke and Defendants agree as follows:

The effective date of this Agreement ("Effective Date") shall be the date of its execution by Meineke at its corporate offices in Charlotte, North Carolina after prior execution by Defendants, and in no event shall such Effective Date be later than September 13, 2005.

On or before September 13, 2005, Defendants shall have done everything necessary to release control of the Meineke telephone number 718/351-6787 associated with former Meineke Shop No. 58 located at 1635 Hylan Boulevard, Staten Island, New York 10305 to Meineke, including signing all documents required by the applicable telephone company and paying any outstanding balances and/or fees required to transfer service. Defendants agree that they will not attempt to regain control of the telephone number 718/351-6787 at any time in the future.

Defendants shall cease and refrain from, for a period of one (1) year from the date of compliance, winch the parties have agreed to designate as June 23, 2005, directly or indirectly owning a legal or beneficial interest in, managing, operating or consulting with: (a) any business operating at the premises of former Shop No. 58 located at 1635 Hylan Boulevard, Staten Island, New York 10305 or within a radius of six (6) miles of the premises of former Shop No. 58 which

business repairs or replaces exhaust system components, brake system components, or shocks and struts; and (b) any business operating within a radius of six (6) miles of any Meineke Shop existing as of the date Defendants' Franchise Agreement terminated (i.e., February 22, 2005) which business repairs or replaces exhaust system components, brake system components, or shocks and struts.

During the one-year non-compete period referenced in paragraph 3 above, Defendants may not have any ownership, management, operational or consultative authority over the business operating at the location of former Shop No. 58. Defendant Salvatore Demetrio can work at former Shop No. 58 during the one-year non-compete term in the position of technician without violating the non-compete provision; however, Defendant Salvatore Demetrio cannot work behind the counter or answer the telephone or give even the appearance of management responsibility at the shop. Defendants acknowledge and agree that Meineke will conduct secret shoppings at the location of former Meineke Shop No. 58 during the one-year non-compete term and that if Meineke discovers that Defendant Salvatore Demetrio is working at the location of former Meineke Shop No. 58 in any capacity other than as a technician and Meineke provides proof through the use of photographs, videotape, affidavit testimony or similar substantial evidence, Defendants will be in violation of this Settlement Agreement and Agreed Final Order and Meineke will move for contempt of this Settlement Agreement and Agreed Final Order.

On or before September 13, 2005, Defendants shall pay to Meineke via certified funds the outstanding franchise fees and advertising contributions due under the Meineke Franchise and Trademark Agreement in the amount of $5,807.69.

Defendants shall immediately cease using and shall take any steps necessary to ensure that the Meineke name and/or logo is not used on any receipts or other documents associated with the business now operating at the location of former Meineke Shop No. 58.

Defendants shall immediately return to Meineke any Meineke materials still in Defendants' control other than the Meineke Franchise and Trademark Agreement(s). Defendants warrant that as of September 9, 2005, they have no Meineke materials in their possession other

than the Meineke Franchise and Trademark Agreement(s).

Meineke does for itself, its agents, successors, assigns, affiliates, employees, and legal representatives, hereby release, acquit and forever discharge Defendants, their heirs, and administrators and assigns, from any and all claims, causes of action, demands (whether known or unknown), damages, expenses (including attorneys fees), all forms of equitable relief and all consequential damages on account of, in any way growing out of or in any way relating to the Franchise and Trademark Agreement between Meineke and Defendants up through the Effective Date with the exception of the terms set forth in paragraph 10 below. Nothing herein shall constitute a discharge or release of any claim which any party hereafter may have that arises out of the failure of any party to this Settlement Agreement to perform their obligations, duties, and responsibilities arising under and pursuant to the commitments made in this Settlement Agreement.

Defendants, their heirs, administrators, successors and assigns hereby release, acquit. and forever discharge Meineke and its affiliates and subsidiaries, and the officers, directors, agents, employees, legal representatives, successors and assigns of the same, of and from any and all claims, causes of action, demands, (whether known or unknown), damages, costs, expenses (including attorneys fees), compensation of any kind and nature, all forms of equitable relief, and all consequential damages on account of, in any way growing out of or in any way relating to the Franchise and Trademark Agreement between Meineke and Defendants up through the Effective Date.

Nothing contained herein shall relieve Defendants from their obligation in the Franchise and Trademark Agreement to indemnify and hold Meineke harmless against and from any and all claims, loss, and damage including costs and reasonable attorneys' fees arising out of the sale of products or rendering of services by Defendants at Meineke Shop No. 58 from the time Defendants became authorized Meineke franchisees up to and including the date Defendants begin compliance with the non-compete covenant set forth in paragraph 3 above.

This Settlement Agreement shall be construed and governed by the laws of the

State of North Carolina. To the extent it is necessary to enforce tlie terms of this Settlement Agreement, tlie parties agree that jurisdiction and venue of any such action shall be in the Western District of North Carolina.